UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTONIO T. ARENA,

                              Plaintiff,

                                                                           DECISION AND ORDER

                                                                           15-CV-6730L

                        v.

IRONDEQUOIT POLICE DEPARTMENT,
MARK BEAN, FRANK ALO, and FERN,

                              Defendants.
_____

       Plaintiff, Antonio Arena, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. In his form complaint, plaintiff names three defendants: Irondequoit Police Department ("IPD"), Mark Bean, and "Frank Alo & Ferm" [sic].

       The Court granted plaintiff *in forma pauperis* status, and service has been effected on IPD and Bean. The summons issued for "Frank Alo & Ferm" was returned, unexecuted. (Dkt. #9.)

       Defendants IPD and Bean have moved to dismiss the complaint, on several grounds. Plaintiff has not responded to the motion.

**DISCUSSION**

       Plaintiff's failure to respond to the motion to dismiss does not relieve the Court of its obligation to consider the merits of plaintiff's claims. "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). The Court

must determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," plaintiff has stated a facially valid claim. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

In undertaking that analysis, the Court employs the now well-known standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), under which "a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Even given the most generous construction, the complaint in this case falls far short of stating a facially valid claim. Plaintiff alleges "violation of civil rights by meand of Invasion of Privacy Discrimanation Defermation of carator Abouse and curoption invaision of privie [sic]." Dkt. #1 at 4. That is the extent of plaintiff's allegations.

The complaint simply does not set forth factual allegations supporting a cause of action, under the federal civil rights law or otherwise. In fact, the complaint does not set forth *any* factual allegations. It does not even come close to meeting Rule 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief ... ."

There are also no reasonable grounds to believe that these defects might be curable through amendment of the complaint. The defects are not minor or merely technical, and as noted, plaintiff has not responded to the motion to dismiss, despite being given an extension of time to do so. The motion to dismiss is therefore granted.[1]

---

[1] The Court's decision renders it unnecessary for me to address defendants' arguments that "Irondequoit Police Department" is not a proper defendant and that plaintiff failed to serve a notice of claim on the Town of Irondequoit as required under New York law. It appears, however, that plaintiff's claims against IPD would be subject to dismissal on those grounds as well.

## CONCLUSION

Defendants' motion to dismiss (Dkt. #7) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 9, 2017.